[Cite as *State v. Ricks*, 2012-Ohio-1645.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97369**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LONELL RICKS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545975

**BEFORE:** Stewart, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** April 12, 2012

**ATTORNEY FOR APPELLANT**

Robert A. Gaffney
Gaffney Law Offices, LLC
75 Public Square, Suite 714
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   James M. Rice
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} The court found defendant-appellant Lonell Ricks guilty of compelling prostitution in violation of R.C. 2907.21(A)(2). That section prohibits anyone from soliciting a minor to engage in sexual activity for hire. The sole question presented in this appeal is whether an offer of cash to lick the victim's body constituted an act of sexual activity for purposes of the statute. We find that it does and affirm the conviction.

{¶2} R.C. 2907.21(A)(2) states that no person shall knowingly "[i]nduce, procure, encourage, solicit, request, or otherwise facilitate * * * [a] minor to engage in sexual activity for hire, whether or not the offender knows the age of the minor[.]" The term "sexual activity" is defined in R.C. 2907.01(C) to encompass both "sexual conduct" and "sexual contact." As relevant here, sexual contact means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶3} The 17-year-old victim testified that Ricks approached her in a shopping mall and told her that he would "give me $500 or $600 if he could lick my body." She refused the offer. Ricks became annoyed and persisted in telling her that "it would be fun and that he kept saying that he would give [the victim] $500, $600[.]" Eventually, Ricks told the victim that he was going home to take a shower and that he would return.

The victim then alerted a police officer to what transpired. She was told that if he returned, she should seek police assistance.

{¶4} Ricks returned to the mall later that day. He again questioned the victim as to whether she would leave with him. She told him that she would go with him and suggested they take the rapid transit because she knew there were police officers at the rapid station. When they arrived at the rapid transit station, she alerted a police officer who then detained Ricks.

{¶5} We determine whether the evidence is sufficient to sustain a verdict by examining the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, at ¶ 78, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶6} The court heard sufficient evidence from which it concluded that Ricks's offer to lick the victim's "body" included erogenous zones and thus fell within the definition of "sexual activity." Ricks's persistence in offering the victim money and his statement that he was going home to shower before coming back reasonably implied that he was seeking a sexual encounter with her. Ricks argues his offer to lick the victim's body was too vague to encompass her erogenous zones, but the court could reasonably reject that argument. Ricks said that he wanted to lick the victim's "body," a term that the court could reasonably find encompassed her erogenous zones, particularly given the

sexual nature of Ricks's discourse with the victim and the amount of money he was offering. Put differently, it would have been unreasonable for the court to find on the evidence that Ricks was offering to pay $500 to lick non-erogenous zones. The court had no reason to think that Ricks was somehow going to limit himself to licking non-erogenous zones, so it reasonably concluded from the evidence that Ricks's offer of cash for the opportunity to lick the entirety of the victim's "body" was an attempt to engage in sexual activity for hire.[1]

{¶7} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1] Ricks also argues that the court's judgment of conviction is against the manifest weight of the evidence, but fails to make a separate argument, choosing instead to base his argument on the reasons given in support of his argument that the conviction was unsupported by sufficient evidence. This does not comply with an appellant's obligation to separately argue each assignment of error. *See* App.R. 12(A)(2); *State v. Judd*, 8th Dist. No. 89278, 2007-Ohio-6811, ¶ 46.

_____

_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR